[No. 23557. *En Banc.* August 8, 1932.]

O. H. PASCHKE, *Appellant,* v. T. A. JENSEN *et al., Respondents.*[1]

*Grady & Velikanje,* for appellant.
*McAulay & Freece,* for respondents.

[1]Reported in 13 P. (2d) 435.

MITCHELL, J.—O. H. Paschke, doing business as a real estate agent, brought this action against T. A. Jensen and his wife to recover a commission claimed to have been earned by him as a result of an exchange of real properties between the defendants and one Thola. The complaint was upon an alleged written contract or agreement. The answer was a general denial. The verdict was for the defendants. The plaintiff has appealed from a judgment on the verdict.

On behalf of the appellant there was introduced in evidence a card containing unsigned pencil writing on one' side and typewriting matter purported to have been signed by T. A. Jensen on the other side. The writing in pencil consists of a physical description together with values of the property Jensen was desirous of exchanging. On the other side, in typewriting, appears the usual ordinary owner's contract with an agent for the sale or exchange of real property over the signature of T. A. Jensen. Testimony on behalf of the appellant tended to show, further, that the written instrument signed by Jensen, as above described, was delivered to appellant and that, acting thereunder, he procured a party with whom Jensen exchanged properties, thus earning a commission for the recovery of which this action was brought on the contract.

On behalf of the respondents, the testimony tended to show that, in response to a newspaper item, they went to appellant's office and upon request gave the physical description of their house, but not the legal description of it; that they declined appellant's request to list their property, saying that they had listed it with another agent and did not want to pay two commissions; that appellant then asked Mr. Jensen to write his name on the reverse side of the card only for

the purpose of identification; that he did so write it for that purpose at or near the bottom of the card at which time there was no other writing on that side; and that the typewriting now appearing over his signature was placed thereon without his knowledge or consent. As mentioned, this issue of fact was decided by the jury in favor of the respondents.

The first claim of error relates to a part of an instruction which says that the plaintiff must show that he was the *procuring cause* of the exchange of properties. No one disputes that the agent brought the property owners together in a way that led to the trade. But the argument of the appellant is that the words *procuring cause* mean that the agent must persist personally until the property is disposed of and that those words repel the idea of any separate dealing of the property owners. The instruction altogether is in the common form given in such cases; it is in plain language and easily applied, without reasonably being misapplied or misunderstood, under the evidence in the case. The giving of it did not constitute error.

Testimony on behalf of the appellant tended to show that the legal description of respondents' property was not available at the time Jensen signed the card, but that he agreed to bring the description in later, which he did, and that in his presence the description was then inserted in the instrument. With reference to this subject, the jury was instructed that the plaintiff should show by a preponderance of the evidence that the description was so written in with the consent *and at the direction of* the defendants. The argument on the part of appellant is that a burden was thus erroneously imposed upon him of showing that Jensen in so many words *directed* the insertion to be made. But, in our opinion, the criticism of the instruc-

tion is not warranted. The jury could not have been misled. The words objected to reasonably considered and understood, as we must of course give the jury credit for doing, meant no more than would the word *consent* with which they were immediately used. Under such circumstances consent would amount to implied direction.

■ The jury was further instructed as follows:

"In this case the burden is upon the plaintiff to prove, by a preponderance of the evidence, that the defendant T. A. Jensen signed the contract here in question, and in this connection you are instructed that the typewritten part of plaintiff's Exhibit ''B'' is a necessary part of the contract on which the plaintiff relies in this case and therefore it is the duty of the plaintiff to show by a preponderance of the evidence that said typewriting was on the said paper which is now Exhibit ''B'' at the time the name T. A. Jensen was written thereon,'' etc.

The giving of this instruction is assigned as error. The contention is that the instrument being fair on its face, the weight of authority is that an alteration of it after signature, not apparent or admitted, is an affirmative defense and must be specially pleaded. The argument, we think, is unsound. The appellant declared in his complaint upon a contract that contained the typewriting referred to without which, either as a matter of fact under testimony on behalf of the respondents which the jury was at liberty to believe, and manifestly did believe, or as a matter of fact and law under the statute of frauds, did not constitute any contract whatever. It was not a question of the alteration of a contract, but rather a question of whether or not there was any contract at all. Without the matter in typewriting, clearly there was no contract under the statute of frauds—it was void. There was nothing to

alter. The instruction complained of was proper under the law applicable to the evidence in the case.

The motion for a new trial was properly denied.

Affirmed.

TOLMAN, C. J., PARKER, MAIN, HOLCOMB, BEALS, MILLARD, and HERMAN, JJ., concur.